# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:08CR134-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ALEJANDRO ENRIQUE RAMIREZ )<br>UMANA, )<br>    a/k/a "Wizard" )<br>        "Lobo" )<br>)<br>        **Defendant.** )<br>                                ) | **ORDER** |

**THESE MATTERS** are before the Court on the "Government's Motion and Incorporated Memorandum Requesting Discovery of Mental Health Evidence" (document #608) filed July 22, 2009 and "Defendant's Response to Government's Motion Under Rule 12.2" (document #628) filed August 3, 2009 and "Government's Request for Reciprocal Discovery" (document #609) filed on July 23, 2009.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that the "Government's Motion and Incorporated Memorandum Requesting Discovery of Mental Health Evidence" should be **GRANTED** in part **and DENIED** in part, as discussed below and "Government's Request for Reciprocal Discovery" should be **GRANTED**, as discussed below.

## I. BACKGROUND

La Mara Salvatrucha, also known as the MS-13 gang (hereafter "MS-13"), is a gang composed primarily of immigrants and descendants of immigrants from El Salvador, with members operating throughout North Carolina. According to the Second Superseding Indictment, on or about

1

December 8, 2007, Defendant Alejandro Enrique Ramirez Umana, a member of MS-13, murdered Ruben Garcia Salinas and his brother, Manuel Garcia Salinas, in a crowded Mexican restaurant in Greensboro, North Carolina. On December 16, 2008, Defendant was charged in a Second Superseding Indictment with the following offenses: Count 1, a RICO conspiracy; Counts 22 and 24, two murders in aid of racketeering; Counts 23 and 25, the same two murders charged as the use and possession of a firearm during and in relation to a crime of violence resulting in death; Count 27, possession of firearm by illegal alien; Count 28, a Hobbs Act robbery; Count 58, a Hobbs Act extortion conspiracy; Count 61, a conspiracy to obstruct justice and tamper with witnesses; Count 62, obstruction of justice; and Count 63, tampering with a witness.

On September 23, 2008, the Government filed its Notice of Intent to Seek a Sentence of Death if Defendant is convicted as to Counts Twenty-Two through Twenty-Five of the Indictment, thereby making this a capital prosecution. If Defendant is convicted of any of the capital offenses, the Court will be required to conduct a penalty phase hearing during which Defendant will have an opportunity to present evidence in mitigation of punishment as well as evidence to rebut the Government's evidence as to the aggravating factors.

**II. GOVERNMENT'S MOTION REGARDING MENTAL HEALTH EVIDENCE**

In their Motion regarding Mental Health Evidence, the Government has proposed an Order requiring Defendant to give notice of his intent to introduce mental health evidence, to provide discovery as to any mental health evidence that Defendant may seek to introduce during either the guilt phase or penalty phase of this case, and if mental health evidence is to be presented at any stage of this proceeding that Defendant be ordered to submit to examination by mental health experts retained by the Government. The Government relies, in part, on United States v. Beckford, 962 F.

2

Supp. 748 (E.D. Va. 1997) and United States v. Edelin, 134 F. Supp. 2d 45 (D.D.C. 2001) for its proposed procedures.

Rule 12.2 of the Federal Rules of Criminal Procedure governs notice of an insanity defense and of expert evidence of a mental condition. The purpose of Rule 12.2 is to give the Government time to prepare to meet the issues and to avoid delays during trial. See Fed. R. Crim. P. 12.2, advisory committee notes. Rule 12.2 (b) provides that

> If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must-within the time provided for filing a pretrial motion or at any later time the court sets-notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk. The court may, for good cause, allow the defendant to file the notice late, grant the parties additional trial-preparation time, or make other appropriate orders.

Fed. R. Crim. P. 12.2(b). If such a notice is given, the court may order a defendant to submit to an examination by a government expert. Fed. R. Crim. P. 12.2(c). Where the evidence is to be used solely in the penalty phase, the results and reports of the Government's expert's examination "must be sealed and must not be disclosed to any attorney for the government or the defendant unless the defendant is found guilty of one or more capital crimes and the defendant confirms an intent to offer during sentencing proceedings expert evidence on mental condition." Fed. R. Crim. P. 12.2(c)(2). After disclosure of the Government's expert report, the defendant must disclose to the Government "the results and reports of any examination on mental condition conducted by the defendant's expert about which the defendant intends to introduce expert evidence." Fed. R. Crim. P. 12.2(c)(3). Failure to give notice, to submit to an examination as ordered, or to disclose reports may result in exclusion of the Defendant's expert evidence. Fed. R. Crim. P. 12.2(d).

Defendant objects to many of the procedures proposed by the Government in their Order and

3

asserts that the Beckford and Edelin cases predate the amendment to Rule 12.2, and thus, should not be followed here. Defendant acknowledges his duty under 12.2 to give notice to the Government if he intends to introduce expert evidence relating to a mental disease, defect or any other mental condition bearing on either the issue of guilt or the issue of punishment in a capital case. Defendant also acknowledges that he has not given such a notice but explains that this is because he is not yet in a position to make that determination based upon the current status of the investigation into Defendant's mental condition.

### A. RULE 12.2 NOTICE DEADLINE

The Government requests that Defendant give notice under Rule 12.2 by August 7, 2009. The Court recognizes that Defendant has asserted the need to further develop his investigation of Defendant's mental condition before determining if a Rule 12.2 notice will be filed. However, the Court also recognizes the fact that the Government must be afforded a meaningful right to rebut any mental health evidence offered by Defendant. Therefore, the Court **DENIES** the Government's request for a deadline of August 7, 2009 but will require Defendant to provide notice under Rule 12.2 not later than August 21, 2009.

### B. CONTENTS OF RULE 12.2 NOTICE

With regard to the content of the Rule 12.2 notice, the Government requests that the notice include the identities and qualifications of the mental health experts who will testify or whose opinions will be relied upon, including expert testimony based on a review of records rather than a personal examination of the defendant, a description of the types of evaluations performed and a general summary of the information that the experts will provide. The Government also requests that Defendant be required to give notice of any lay testimony he intends to introduce regarding his mental health or capacity during the penalty phase of the trial.

Courts that have considered the scope of the notice required under Rule 12.2 since the 2002 amendment have "generally limited what the notice must include to simply the kinds of mental health professionals who have evaluated the defendant and the specific nature of any testing that the defense experts would perform or have performed. United States v. Lujan, 530 F. Supp. 2d 1224, 1238-39 (D.N.M. 2008) (citing United States v. Wilson, 493 F. Supp. 2d 348, 351-53 (E.D.N.Y. 2006); United States v. Johnson, 362 F. Supp. 2d 1043, 1080 (N.D. Iowa 2005); United States v. Sampson, 335 F. Supp. 2d 166, 243 (D. Mass. 2004)). "These courts reasoned that this information is sufficient "meaningful notice" to enable the government to choose the type of expert it needs without forcing the defendant to disclose the specific nature of his proffered mental condition before the time contemplated by Rule 12.2." Id.

As to the type of evidence, Rule 12.2(b) applies to expert evidence, not lay evidence of a mental condition. Therefore, Rule 12.2 notice does not encompass notice of lay evidence concerning Defendant's mental condition. Rule 12.2(b) does not limit the notice to experts who have personally examined a defendant and should include experts who are basing their opinions on a review of records. Lujan, 530 F. Supp. 2d at 1239.

Based on the post amendment of Rule 12.2 authority, the Court **DENIES** the Government's motion with regard to the notice required under Rule 12.2. However, Defendant is directed that if he files a Rule 12.2 notice by August 21, 2009 such notice shall include the kinds of mental health experts Defendant will call, including experts who are basing their opinions on a review of records and not a personal examination of Defendant, and the nature of the tests these experts will be performing or have performed.

    **C.    TIMING OF EXAMINATION**

The Government requests that if Defendant files notice that he plans to introduce mental

health evidence or testimony during the penalty phase, he shall be examined by mental health professionals selected by the Government. The Government requests that such examination shall take place not later than September 18, 2009 and also take place in the state of North Carolina. Under Rule 12.2(c)(1)(B), the Court may order an examination of Defendant by government experts. As a matter of judicial efficiency, the Court **GRANTS** the Government's Motion regarding examination of Defendant by government experts provided a Rule 12.2 notice is filed. Therefore, if Defendant files a Rule 12.2 notice by August 21, 2009, the Government will be allowed to have Defendant examined by its own mental health experts. Such examination shall take place not later than September 18, 2009 and shall take place in the state of North Carolina.

D.     **DESIGNATION OF FIRE-WALLED ASSISTANT UNITED STATES ATTORNEY**

The Government requests that an Assistant United States Attorney (AUSA) from the Western District of North Carolina be designated as a fire-walled AUSA to receive notice of expert evidence of mental condition on the issue of punishment, arrange for any evaluation by an expert designated by the Government, handle any issues arising out of the evaluation process and arrange for filing of the expert's report under seal. Defendant agrees that the Government should designated a fire-walled AUSA. Therefore, the Court **GRANTS** the Government's Motion regarding designation of a fire-walled AUSA.

E.     **COORDINATION OF TESTING**

The Government requests that Defendant and the Government be required to endeavor to come to an agreement as to the testing measures to be used to avoid test overlap and to limit the "practice effects" and consider sharing data to avoid multiple administrations of the same test in a

short period of time.

The Court finds that it is premature to resolve these issues at this time. Because Defendant may ultimately choose not to file a Rule 12.2 notice, which would make these issues moot, it is more sensible to wait until after Defendant's notice deadline to resolve any details regarding the procedures and timing of examinations as well as any disclosure obligations. The Court expects that with the appointment of the fire-walled AUSA, the parties will work through the details regarding the procedures and disclosure obligations and seek the Court's guidance only if an impasse arises.

### III. GOVERNMENT'S REQUEST FOR RECIPROCAL DISCOVERY

In this Motion, the Government states that it has provided extensive discovery to Defendant under the U.S. Attorney's open file discovery policy and will continue to do so as any discoverable evidence becomes available to the Government. Therefore, the Government requests reciprocal discovery pursuant to Rule 16(b)(1) of the Federal Rules of Criminal Procedure.

The Court **GRANTS** the Government's Motion with regard to the Government's right under Rule 16(b)(1)(A) to inspect and copy or photograph books, papers, documents, photographs, tangible objects or copies or portions thereof, which are within the possession, custody or control of Defendant which Defendant intends to use in the Defendant's case-in-chief at trial. The Court **GRANTS** the Government's Motion with regard to the Government's right under Rule 16(b)(1)(B) to inspect and copy or photograph any results or reports of physical examination and of scientific tests or experiments made in connection with this case, or copies thereof, within the possession, custody or control of Defendant which Defendant intends to use in the Defendant's case-in-chief at trial or which were prepared by a witness whom the defendant intends to call at trial.

**IT IS THEREFORE ORDERED** that:

1. "Government's Motion and Incorporated Memorandum Requesting Discovery of Mental Health Evidence" (document #608) is **GRANTED** in part and **DENIED** in part. The Defendant is directed that if he wishes to introduce mental health testimony bearing on the issue of guilt or the issue of punishment (a) Defendant shall give written notice to the Government not later than August 21, 2009; (b) the notice shall include the kinds of mental health experts Defendant will call, including experts who are basing their opinions on a review of records and not a personal examination of Defendant, and the nature of the tests these experts will be performing or have performed. If Defendant provides the written Rule 12.2 notice described herein, then the Court will order him to submit to a mental examination by the Government's experts to be performed not later than September 18, 2009 and within the state of North Carolina. In anticipation of such notice, the Government shall designate an Assistant United States Attorney (AUSA), from the Western District of North Carolina, as a fire-walled AUSA, to receive notice of expert evidence of mental condition on the issue of punishment, arrange for any evaluation by an expert designated by the Government, handle any issues arising out of the evaluation process, and arrange for filing of the expert's report under seal. The fire-walled AUSA may not join the prosecution team until the defense case in the penalty phase has begun. Any individuals assisting the fire-walled AUSA shall be subject to the same requirements and restrictions as the fire-walled AUSA. The Motion is **DENIED** in all other respects at this time with leave to renew the motions if an impasse arises between counsel for Defendant and the fire-walled AUSA.

2. "Government's Request for Reciprocal Discovery" (document #609) is **GRANTED**. The Government's request for pretrial disclosure of Rule 16 materials is **GRANTED** with regard

to materials covered under Rule 16(b)(1)(A) and materials covered under Rule 16(b)(1)(B).

**SO ORDERED.**

Signed: August 11, 2009

David S. Cayer
United States Magistrate Judge