IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cr134

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ALEJANDRO ENRIQUE RAMIREZ UMANA (2) ) | |
| _____) | |

**THIS MATTER** is before the Court upon second motion of the defendant for a continuance of his trial scheduled for October 5, 2009. (Doc. No. 661).

On June 23, 2008, a grand jury indicted the defendant on multiple counts of, among other crimes, racketeering, conspiracy, kidnapping, and murder. (Doc. No. 3). The government provided the defendant with notice of its intent to seek the death penalty on September 23, 2008. (Doc. No. 273). After consulting with both parties on October 6, 2008, the Court set a trial date for October 5, 2009. The defendant filed his first motion for a continuance (Doc. No. 549), which the Court denied on June 29, 2009. (Doc. No. 571).

The defendant filed the instant motion on August 19, 2009 (Doc. No. 661), which contains an ex parte attachment (Doc. No. 662). The defendant's motion advances the following as new developments requiring a continuance: (1) the defendant will be unable to translate documents written in Spanish, produced by the government as part of its discovery, by the scheduled trial date; and (2) the delay between the defendant's indictment and trial is unusually short for a capital case. (Doc. No. 661: Motion at 2-3). The defendant's ex parte attachment discusses certain other aspects of the preparation of his defense that the defendant also believes warrant a continuance. Defendant's counsel argue that

because of these reasons, a continuance is necessary to fulfill their duty to provide effective assistance of counsel in this case. (Doc. No. 661: Motion at 7). They submit that a trial date no earlier than April 2010 would be sufficient. (Id.).

"The determination of whether a continuance is justified is left to the sound discretion of the trial court." United States v. Attar, 38 F.3d 727, 735 (4th Cir. 1994) (citing Morris v. Slappy, 461 U.S. 1, 11 (1983)). The Court must balance its duty to provide the defendant with due process against the enormous burden of rescheduling a trial for which the Court's resources have already been allocated, and "this burden counsels against continuances except for compelling reasons." Slappy, 461 U.S. at 11. Indeed in this case, prospective jurors are going through the process of responding to questionnaires, and the Court has calendared its Fall schedule of civil and criminal cases around this setting. Whether such compelling reasons exist to warrant a continuance depends upon the particular circumstances of each case and the reasons presented by the defendant. Ungar v. Sarafite, 376 U.S. 575, 589 (1964). That this is a capital case does not alter the Court's basic balancing of interests. See Beuke v. Houk, 537 F.3d 618, 641 (6th Cir. 2008) (reviewing capital habeas petition, citing Slappy, 461 U.S. at 11; Ungar, 376 U.S. at 589). Looking to the defendant's instant motion, the Court finds no compelling reason to continue his trial.

The defendant first asserts that a continuance is needed to allow for translation of approximately 4,000 documents, written in Spanish, submitted by the government in June and July of 2009 as part of its discovery. (Doc. No. 661 at 2). The defendant alleges that its court-approved translator is "unlikely" to complete this and other translations by the current trial date. (Id.). The defendant has, however, been engaged in translating the government's discovered documents for quite some time, and these recently-

2

produced documents are relatively few in number compared to the earlier-produced discovery. Thus, the defendant fails to make a concrete showing of why he is unable to translate and review these documents within the next several weeks before trial. Voluminous document review, though it may impose a hardship on a defendant's counsel, is not adequate grounds for a continuance. United States v. LaRouche, 896 F.2d 815, 822 (4th Cir. 1990).

The defendant's next reason for granting a continuance, that the delay between his indictment and trial is unusually short for a capital case, is without merit. Defendant asserts that his case is scheduled to go from indictment to trial in just over fifteen months, which is significantly lower than 26.9 months, the national average for capital cases. (Doc. No. 661-2: Aff. of Kevin McNally at ¶ 5). First, whether the defendant's case gets to trial faster or slower than the national average is not necessarily relevant; the necessity of a continuance depends on the particular facts and circumstances of each case. Ungar, 376 U.S. at 589. Second, the 26.9-month average cited by the defendant is misleading. Although a few of the cases cited in the defendant's motion took years between indictment and trial, many—if not most—began trial within fifteen months. (Doc. No. 661-2: Aff. of Kevin McNally at 3-53). It should be noted that the fifteen-month time span in this case is longer than the range of time of other capital cases in this district. See, e.g., United States v. Barnette, No. 3:97-cr-23 (W.D.N.C. filed Feb. 4, 1997) (twelve months between indictment and trial); United States v. Jackson, No. 1:00-cr-74 (W.D.N.C. May 14, 2001) (seven months); United States v. Locust, No. 2:98-cr-185 (W.D.N.C. Sept. 10, 1999) (seven months); United States v. Finley, No. 4:98-cr-243 (W.D.N.C. Apr. 20, 1999) (seven months). No continuance is warranted on this ground.

Turning finally to the arguments raised in the defendant's ex parte attachment, the Court finds,

for reasons articulated in a sealed Order accompanying this Order, no compelling reason to continue the defendant's trial on any of those grounds.

Underscoring this entire discussion of the defendant's motion for a continuance is the fact that the Court consulted with both the defendant and the government before scheduling a date for trial. At the October 6, 2008, scheduling conference, the defendant's counsel agreed to begin trial on October 5, 2009. The Court is entitled to rely upon counsel's acquiescence. <u>United States v. Badwan</u>, 624 F.2d 1228, 1231 (4th Cir. 1980). Because nothing in the defendant's motion and its accompanying ex parte attachment justifies a departure from this earlier agreement, the Court finds that the defendant has not stated any compelling reason for a continuance in this matter.

**IT IS, THEREFORE, ORDERED** that the defendant's motion (Doc. No. 661) is **DENIED**.

Signed: September 18, 2009

Robert J. Conrad, Jr.
Chief United States District Judge