IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:08CR134-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ALEJANDRO ENRIQUE RAMIREZ ) | |
| UMANA, ) | |
|     a/k/a "Wizard" ) | |
|     "Lobo" ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on the "Defendant's Motion for Bill of Particulars with Respect to Notice of Intent to Seek the Death Penalty" (Doc. No. 486) filed April 24, 2009; its Memorandum in support (Doc. No. 487) filed the same day; and the government's Response (Doc. No. 503) filed May 8, 2009. The Magistrate Judge issued an Order denying the defendant's Motion (Doc. No. 510) on May 13, 2009, to which the defendant filed a Motion to Reconsider (Doc. No. 547) on June 9, 2009, later amended to an Objection (Doc. No. 551) on June 16, 2009. For the reasons stated below, the Court **AFFIRMS** the Magistrate Judge's Order denying the defendant's Motion for a Bill of Particulars.

I.     BACKGROUND

The defendant is charged in a Superseding Indictment with the multiple federal offenses arising out of his alleged affiliation with La Mara Salvatrucha, also known as the MS-13 gang (hereafter "MS-13"). Count 1 of the Indictment charges the defendant with conspiring to conduct and participate in the affairs

1

of MS-13 through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d). As an overt act in furtherance of this conspiracy, the Indictment alleges that on December 8, 2007, the defendant murdered two individuals, Ruben Garcia Salinas and Manuel Garcia Salinas, in a restaurant in Greensboro, North Carolina. These murders are also charged separately in Counts 22 and 24 of the Indictment as murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1), and in Counts 23 and 25 as use of a firearm during and in relation to a crime of violence resulting in death, in violation of 18 U.S.C. § 924(j). In the event the defendant is found guilty of Counts 22, 23, 24, or 25, the government has filed a Notice of Intention to Seek the Death Penalty (Doc. No. 275), which is required by the Federal Death Penalty Act ("FDPA"), 18 U.S.C. § 3591 et seq. Among others, the government gave notice of its intent to prove the following non-statutory aggravating factor under 18 U.S.C. § 3593(a)(2):

> 4. Participation in Additional Uncharged Murders and Other Acts of Violence.
>
> Apart from the offenses charged in the First Superseding Bill of Indictment, defendant has been involved in other serious acts of violence, which are not reflected in his criminal record. Including but not limited to:
>
> a. On or about July 27, 2005, in Los Angeles, California, defendant knowingly, intentionally, and unlawfully killed Jose Herrera and Gustavo Porras.
>
> b. On or about September 28, 2005, in Los Angeles, California, defendant knowingly, intentionally, and unlawfully participated and aided and abetted the killing of Andy Abarca.

(Doc. No. 275 at 4). On April 24, 2009, the Defendant filed a Motion for Bill of Particulars with respect to several non-statutory aggravating factors, including a request that the government supply the time, date, and location of other serious acts of violence not reflected in the defendant's criminal record or described in Subparagraphs 4(a) and 4(b). (Doc. No. 486 at 2). On May 13, 2009, the Magistrate Judge denied the

defendant's motion, finding that the Notice filed by the Government satisfied statutory notice requirements and due process. (Doc. No. 510: Order at 4-5).

On June 6, 2009, the defendant filed a Motion to Reconsider, urging the Magistrate Judge to reconsider only the portion of his Order denying the defendant's request for a Bill of Particulars with respect to the non-statutory aggravating factor concerning other acts of violence not reflected in his criminal history. (Doc. No. 547 at 2). Later, on June 16, 2009, the defendant filed a Motion to Amend (Doc. No. 551), seeking to modify the Motion to Reconsider to an Objection before this Court to the Magistrate Judge's Order.

## II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 59(a) allows a district judge to refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. A Motion for a Bill of Particulars is a nondispositive matter because no charge or defense is subject to termination with its resolution. When a party objects to a magistrate judge's order on a nondispositive matter, a district judge must determine whether the order is contrary to law or clearly erroneous. Fed. R. Crim. P. 59(a). However, a party must "serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets." Id.

## III. DISCUSSION

The defendant filed his Motion to Reconsider 23 calendar days after the Magistrate Judge issued the Order denying his Motion for a Bill of Particulars. See Fed. R. Crim. P. 45(a)(1) (computing deadlines for periods stated in days). The Court has not modified the 14-day deadline for filing objections under Rule 59 in this case. Therefore, construing the defendant's Motion to Reconsider as an Objection to the

3

Magistrate Judge's Order, the pleading is untimely.

A party who fails to file an objection by the deadline set by Rule 59(a) is deemed to have waived that objection unless the party can show good cause for the failure. Fed. R. Crim. P. 12(e). "Relief from the waiver of an objection is appropriate only if the moving party demonstrates cause for the failure to object and actual prejudice resulting from the defect." United States v. Colton, 231 F.3d 890, 909 (4th Cir. 2000) (citing Wainwright v. Sykes, 433 U.S. 72, 84 (1977)). Here, the defendant's counsel states as cause his misapprehension of Rule 59(a)'s applicability to the Magistrate Judge's Order denying the defendant's Motion for a Bill of Particulars. (Doc. No. 551 at 2). Rule 59(a), however, is clear in its applicability to nondispositive orders and its 14-day filing deadline. Finding no cause to excuse the defendant's untimely objection, the Court need not consider whether there is actual prejudice resulting from the defect. The defendant's Objection is therefore waived as untimely.

Even if it were to reach the merits of the defendant's Objection, the Court would not find the Magistrate Judge's Order contrary to law or clearly erroneous. Fed. R. Crim. P. 59(a). "The FDPA and the Constitution require that the defendant receive adequate notice of the aggravating factor, . . . not notice of the specific evidence that will be used to support it." United States v. Higgs, 353 F.3d 281, 325 (4th Cir. 2003). Here, the defendant has received notice that the government intends to prove other acts of violence not reflected in his criminal history. Moreover, the government has included specific allegations regarding two uncharged murders, which would likely serve as the government's most compelling evidence under this factor. This is sufficient to meet notice requirements under 18 U.S.C. § 3593(a)(2) and due process. The mere fact that the government has expressly declined to limit its proof under this factor to the uncharged murders does not render its Notice ineffective or unconstitutionally vague. See United States

v. Cisneros, 363 F. Supp. 2d 827, 837 (E.D.Va. 2005) (rejecting a constitutional challenge to notice of non-statutory aggravating conduct "including, but not limited to" specific acts). Thus, even if it were to reach the merits of the defendant's Objection, the Court would not find the Magistrate Judge's Order contrary to law or clearly erroneous.

IV.     **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's Order (Doc. No. 510) denying the defendant's Motion for a Bill of Particulars (Doc. No. 486) is **AFFIRMED**.

Signed: March 18, 2010

Robert J. Conrad, Jr.
Chief United States District Judge