IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:08CR134-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ALEJANDRO ENRIQUE RAMIREZ ) | |
| UMANA, ) | |
|     a/k/a "Wizard" ) | |
|     "Lobo" ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on the defendant's "Motion to Dismiss Counts for Improper Venue or In the Alternative, for a Change of Venue to the Middle District of North Carolina" (Doc. No. 480) and the government's Response (Doc. No. 503). The Magistrate Judge issued a Memorandum and Recommendation and Order ("MR&O"), recommending that the defendant's Motion to Dismiss be denied and denying the defendant's alternative Motion for a Change of Venue (Doc. No. 527), to which the defendant objects (Doc. No. 543). For the reasons stated below, the Court **DENIES** the defendant's Motion to Dismiss and **AFFIRMS** the Magistrate Judge's Order denying the defendant's Motion for a Change of Venue.

**I.  BACKGROUND**

The defendant is charged in a Superseding Indictment[1] with the multiple federal offenses arising out

---

[1] The Court notes that the instant motion was filed on April 24, 2009, against the defendant's Second Superseding Indictment (Doc. No. 355). The grand jury returned a Third Superseding Indictment on July 27, 2009. The Court evaluates the defendant's motion against the allegations set

1

of his alleged affiliation with La Mara Salvatrucha, also known as the MS-13 gang (hereafter "MS-13"). Count 1 of the Indictment charges the defendant with conspiring to conduct and participate in the affairs of MS-13 through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d). As an overt act in furtherance of this conspiracy, the Indictment alleges that on December 8, 2007, the defendant murdered two individuals, Ruben Garcia Salinas and Manuel Garcia Salinas, in a restaurant in Greensboro, North Carolina. These murders are also charged separately in Counts 22 and 24 of the Indictment as murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1), and in Counts 23 and 25 as use of a firearm during and in relation to a crime of violence resulting in death, in violation of 18 U.S.C. § 924(j). The government also alleges that the defendant conspired with others to prevent witnesses to these murders from testifying or otherwise cooperating with law enforcement. These allegations form the basis for Counts 61, 62, and 63 of the Indictment, charging the defendant with conspiracy to obstruct justice and tamper with witnesses, in violation of 18 U.S.C. §§ 371, 1503, and 1512(b)(1), as well as those substantive offenses.

The defendant argues that Counts 1, 22, 23, 24, 25, 61, 62, and 63 should be dismissed from the Indictment because the government has failed to establish that venue is proper in the Western District of North Carolina.[2] The Magistrate Judge recommended that this motion be denied based on findings that the government had sufficiently alleged facts establishing venue for each count. The defendant's objections

---

forth in his Third Superseding Indictment.

[2] It is somewhat unclear whether the defendant in fact moves to dismiss Count 1 for improper venue. However, the Magistrate Judge's Memorandum and Recommendation construed the defendant's motion as such and addressed the propriety of venue for Count 1. (Doc. No. 527: MR&O at 9).

specifically challenge the Magistrate Judge's findings that: (1) Counts 22, 23, 24, and 25 allege continuing conduct that took place in the Western District of North Carolina; and (2) the offenses alleged in Counts 61, 62, and 63 were carried out with the intent to affect a grand jury proceeding initiated in the Western District of North Carolina. (Doc. No. 543: Obj. at 1-3).

In the alternative, the defendant moved for a change of venue. The magistrate judge denied this motion upon his finding that venue in the Western District of North Carolina was proper. The defendant objects to this Order on the same grounds raised in his objections to the Magistrate Judge's Memorandum and Recommendation. (Id. at 4).

## I. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 59(a) allows a district judge to refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. When a party objects to a magistrate judge's order on a nondispositive matter, a district judge must determine whether the order is contrary to law or clearly erroneous. Fed. R. Crim. P. 59(a). A district judge may also refer any matter that may dispose of a charge or defense, such as a motion to dismiss an indictment. Fed. R. Crim. P. 59(b)(1). When a party objects to a magistrate judge's recommendation for a dispositive matter, a district court must consider the objection de novo. Fed. R. Crim. P. 59(b)(3).

## III. DISCUSSION

### A. Murder in Aid of Racketeering and Use of Firearm Resulting in Death

The Magistrate Judge first considered whether venue was proper for Counts 22 and 24, charging the defendant with two counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1). Relying on the reasoning set forth in United States v. Saavedra, 223 F.3d 85 (2d Cir. 2000), the Magistrate

3

Judge determined that a violation of § 1959 is a continuing offense predicated upon a racketeering enterprise, alleged in this case to be MS-13, making venue proper in any district in which MS-13 operated. (Doc. No. 527 at 5-6). Because the Indictment alleged that many of MS-13's activities occurred in the Western District of North Carolina, the Magistrate Judge found that venue lay in that district for Counts 22 and 24. (Id. at 6).

The Magistrate Judge then considered whether venue was proper for Counts 23 and 25, each charging the defendant with use of a firearm during and in relation to a crime of violence resulting in death, in violation of 18 U.S.C. § 924(j). Finding that murder in aid of racketeering is, in this case, a predicate offense to those charged under § 924(j), the Magistrate Judge reasoned that venue lay for Counts 23 and 25 in any proper venue for Counts 22 and 24. (Id. at 7). Having found that the Western District of North Carolina was a proper venue for Counts 22 and 24, the Magistrate Judge then found that venue was also proper for Counts 23 and 25. (Id. at 8). Although the defendant objects to the Magistrate Judge's findings regarding each count, the objections collapse into a single issue: whether Counts 22 and 24 allege continuing conduct that took place in the Western District of North Carolina.

For continuing offenses, venue is proper "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Courts have held that 18 U.S.C. § 1959 is a continuing offense because it requires as an essential element that the act be done for the purpose of maintaining or increasing position in an ongoing enterprise engaged in racketeering. See Saavedra, 223 F.3d at 88-94; United States v. Williams, 181 F. Supp.2d 267, 290-92 (S.D.N.Y. 2001); United States v. Aiken, 76 F. Supp.2d 1346, 1349-51 (S.D. Fla. 1999). Thus, "the murders contemplated by Section 1959 are those which occur not as single, solitary acts, but as part of the larger structure of the criminal enterprise." Aiken, 76 F. Supp. 2d

4

at 1350 (citing United States v. Concepcion, 983 F.2d 369, 380-81 (2d Cir. 1992)). Because an offense under § 1959 is a continuation of an underlying racketeering enterprise, it may be tried in any venue where that enterprise operates.

The defendant argues that his case is materially distinguishable from the facts of Saveedra because the government has not shown that MS-13 is principally based in the Western District of North Carolina. In Saavedra, the Second Circuit considered the proper venue for defendants, members of a racketeering organization operating in the Southern District of New York, charged with committing an assault punishable under § 1959 that occurred in the Eastern District of New York. Noting that offenses under § 1959 are "part and parcel of membership in a RICO enterprise," 223 F.3d at 91, the Second Circuit held that venue for § 1959 offenses lay in any district that had "substantial contacts" with the offense, including the underlying racketeering enterprise. Id. at 93 (quoting United States v. Reed, 773 F.2d 477, 481 (2d Cir. 1985). Relying upon the district court's finding that the defendants' racketeering enterprise was "principally based" in the Southern District of New York, the Second Circuit held that venue was proper in that district. Id. at 94.

The Saavedra court made a separate inquiry into "substantial contacts" between the forum and the underlying racketeering activity because it questioned whether the Constitution would permit the government to prosecute a § 1959 offense in one venue and the underlying RICO offense in another. 223 F.3d at 92-93. Here, unlike Saavedra, a RICO conspiracy is also charged in Count 1 of the defendant's Indictment. Where the government actually charges a defendant with a RICO conspiracy under 18 U.S.C. § 1962(d), it is without question proper to charge related § 1959 offenses in the same venue. See Aiken, 76 F. Supp. 2d at 1350-51. Although the defendant moves to dismiss his RICO conspiracy charge for

improper venue, he makes no specific objection to the Magistrate Judge's finding that venue is proper for that count. (Doc. No. 527: MR&O at 8-9). That finding is accepted by the Court; thus, the government may also prosecute the defendant's § 1959 charges in this forum without making an additional showing that MS-13 is principally based in or otherwise bears substantial contacts with the Western District of North Carolina.

Lastly, the defendant argues that the government has not alleged that the Greensboro murders were carried out for the benefit of a racketeering enterprise operating in the Western District of North Carolina, as opposed to some other organization operating elsewhere. This is simply not true. Counts 22 and 24 each allege that the defendant committed murder for the purpose of maintaining and increasing his position in MS-13, "a criminal organization described in paragraphs 1 through 16 of Count One [of the Indictment]." (Doc. No. 623: Third Superseding Indictment at 47 & 49). These paragraphs describe MS-13's operation within the Western District of North Carolina and elsewhere. The government's allegations are therefore sufficient to link the purpose behind the defendant's acts and a specific racketeering enterprise operating within the Western District of North Carolina. Thus, the Magistrate Judge correctly concluded that venue is proper for Counts 22 and 24, as well as Counts 23 and 25.

### B. Obstruction of Justice and Witness Tampering

The Magistrate Judge next found that venue was proper for Count 61, charging a conspiracy to obstruct justice and tamper with witnesses under 18 U.S.C. §§ 371, 1503, and 1512(b)(1), because the Indictment alleges overt acts of communication and travel by co-conspirators within the Western District of North Carolina. (Doc. No. 527: MR&O at 11). The Magistrate Judge then found that venue was also proper for Counts 62 and 63, charging obstruction of justice and witness tampering as substantive offenses,

because at the time alleged in the Indictment, a grand jury investigation had already convened in the Western District of North Carolina. (Id. at 10). The defendant objects to these findings on the ground that he lacked actual knowledge of the grand jury's investigation at the time alleged in Counts 61, 62, and 63 of the Indictment.

The Fourth Circuit has recognized that "in a conspiracy charge, venue is proper for all defendants wherever the agreement was made or wherever any overt act in furtherance of the conspiracy transpires." United States v. Bowens, 224 F.3d 302, 311 n.4 (4th Cir. 2000). Moreover, the Fourth Circuit has held that the acts of one member of a conspiracy can be attributed to all other co-conspirators for purposes of venue. United States v. Al-Talib, 55 F.3d 923, 928 (4th Cir. 1995) (citing United States v. Snead, 527 F.2d 590, 591 (4th Cir. 1975)). Count 61 alleges a conspiracy to obstruct justice and tamper with witnesses that includes overt acts of communication and travel by co-conspirators between the Western and Middle Districts of North Carolina. (Doc. No. 623: Third Superseding Indictment at 89-90). Thus, the Magistrate Judge correctly concluded that venue is proper in the Western District of North Carolina for Count 61 of the Indictment.

For Counts 62 and 63, which charge substantive offenses under 18 U.S.C. §§ 1503 and 1512(b)(1), venue is designated by statute. See United States v. Johnson, 510 F.3d 521, 524 (4th Cir. 2007) ("In accordance with . . . constitutional principles, Congress may, if it so desires, prescribe specific venue requirements for a particular crime."). A 1988 amendment to 18 U.S.C. § 1512, which now appears as subsection (i) to that statute, states that:

> A prosecution under [section 1512] or section 1503 may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected, or in the district in which the conduct constituting the alleged offense occurred.

Although Counts 62 and 63 allege conduct occurring in Greensboro, within the Middle District of North Carolina, a federal grand jury investigation of the defendant and MS-13 was then pending in Charlotte, within the Western District. Its investigation included the Greensboro murders, and the basis for Counts 62 and 63 of the Indictment is the government's allegation that the defendant sought to prevent witnesses from testifying and cooperating with law enforcement regarding those murders. A significant connection therefore exists between the conduct alleged in Counts 62 and 63 of the Indictment and the federal grand jury investigation that convened in the Western District of North Carolina.

Contrary to what the defendant argues in his objection, the government need not allege or prove that the defendant had actual knowledge of the federal nature of his proceeding to establish venue in the Western District of North Carolina under 18 U.S.C. § 1512(i). To convict the defendant of witness tampering under 18 U.S.C. § 1512(b)(2), the government need only prove that the defendant intended to influence, delay, or prevent the testimony of any person in an official proceeding that was in fact federal, not that the defendant knew the proceeding was federal in nature. 18 U.S.C. § 1512(g)(1); United States v. Pabellon, 1999 WL 305052, at *8-9 (4th Cir. May 14, 1999) (unpublished); United States v. Cross, 258 F. Supp. 2d 432, 434-35 (E.D.Va. 2003). Similarly, "while the existence of an ongoing proceeding is an element of [an 18 U.S.C. § 1503] violation, . . . the statute does not require a specific intent to interfere with a proceeding known by the defendant to be federal in nature." United States v. Ardito, 782 F.2d 358, 362 (2d Cir. 1986) (internal quotations and citations omitted). See also United States v. Aragon, 983 F.2d 1306, 1310 (4th Cir. 1993) (a defendant charged with violating § 1503 in connection with an escape plot need not have knowledge that the prisoner he sought to free was in custody on federal charges).

To establish venue, the government is not required to prove an element of knowledge beyond that

which is required to convict the defendant of either offense. An allegation that the defendant sought to prevent witnesses from testifying or otherwise cooperating with law enforcement regarding the Greensboro murders, coupled with the grand jury's investigation into those murders in the Western District of North Carolina, is sufficient. Thus, the Magistrate Judge correctly concluded that venue is also proper for Counts 62 and 63.

## IV. CONCLUSION

After a de novo review of each objection raised by the defendant, the Court finds no error in the conclusions reached by the Magistrate Judge. Accordingly, the Court also finds for the same reasons that the Magistrate Judge's denial of the defendant's motion in the alternative for a change of venue was not contrary to law or clearly erroneous.

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Dismiss Counts for Improper Venue (Doc. No. 480) is **DENIED** and the Order (Doc. No. 527) denying the defendant's Motion In the Alternative for a Change of Venue (Doc. No. 480) is **AFFIRMED**.

Signed: March 18, 2010

Robert J. Conrad, Jr.
Chief United States District Judge