**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO. 3:08CR134-RJC**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | <u>     </u>**ORDER** |
| ) | |
| ALEJANDRO ENRIQUE RAMIREZ ) | |
| UMANA, ) | |
|     a/k/a "Wizard" ) | |
|         "Lobo" ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on the defendant's "Motion to Exclude the Government's Gang Expert Testimony and for a Hearing to Determine the Admissibility of Such Testimony" (Doc. No. 962), filed April 1, 2010; and the government's Response (Doc. No. 980), filed April 9, 2010. For the reasons stated below, the Court **DENIES** the defendant's motion.

I.   BACKGROUND

The defendant is charged along with several other defendants in a Superseding Indictment with multiple federal offenses arising principally out of his alleged affiliation with La Mara Salvatrucha, also known as the MS-13 gang (hereafter "MS-13"). The charges include RICO conspiracy, murder in aid of racketeering, Hobbs Act robbery and extortion, obstruction of justice, and witness tampering. If the defendant is found guilty on certain of these charges, the government intends to seek the death penalty. Six of the defendants in this case were tried in this Court before a jury (the "non-capital trial") and found guilty on January 26, 2010. The defendant's trial is calendared to begin on April 12, 2010. Of the numerous witnesses expected to testify, the government has given notice of its intent to call Detective Frank Flores of the Los Angeles Police

1

Department as an expert on MS-13. (Doc. No. 757 at 3). Detective Flores previously testified, subject to cross-examination, as an expert on the structure, history, and nature of MS-13 during the non-capital trial.

II.  DISCUSSION

The defendant moves to exclude the expert testimony of Detective Flores. As a preliminary matter, the defendant challenges the reliability of Detective Flores's expert testimony under <u>Daubert v. Merrell Dow Pharm., 509 U.S</u>. 579 (1993). The defendant also asserts that Detective Flores' proffered expert testimony is based upon hearsay he gleaned from his involvement in an investigation of the defendant in Los Angeles. The defendant claims that this exposure to the investigation will cause Detective Flores to relate hearsay evidence to jury under the guise of an expert, in violation of <u>Crawford v. Washington</u>, 541 U.S. 36 (2004) and Rule 703 of the Federal Rules of Evidence. In light of these concerns, the defendant requests that the Court conduct a special <u>voir dire</u> hearing to determine the admissibility of Detective Flores's proffered testimony.

A.  Reliability

Rule 702 provides that an expert may testify "in the form of an opinion or otherwise" if his "specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue." In qualifying an expert, the Court is charged with a "gatekeeping" obligation to "ensure that any and all scientific testimony . . . is not only relevant, but reliable." <u>Daubert</u>, 509 U.S. at 589 (1993). Non-scientific expert testimony also requires the Court to make a preliminary finding of reliability. See <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 147-49 (1999) (extending <u>Daubert</u> to non-scientific expert testimony).

Courts have generally upheld expert gang testimony as reliable if offered by an expert with extensive training and experience with a particular gang. <u>See, e.g., United States v. Mejia</u>, 545 F.3d

179, 193-94 (2d Cir. 2008) (upholding the qualification of an officer as an expert on MS-13 who had served on and FBI gang task force, had extensive experience with MS-13, trained other police departments about MS-13, and followed databases dedicated to MS-13); United States v. Hankey, 203 F.3d 1160, 1168-69 (9th Cir. 2000) (upholding the qualification of an officer who had been working undercover with gangs for several years, had worked with thousands of gang members, had received formal training in gang structure and organization, and taught classes about gangs).

During his voir dire examination at the non-capital trial, Detective Flores testified that he had investigated and worked with the MS-13 gang since 1999, interviewed over 2,000 gang members, and testified in over 90 federal and state court proceedings regarding MS-13. Given these credentials, and the fact that the Court has previously observed Detective Flores testify subject to cross-examination on the same subject-matter, the Court finds Detective Flores's proffered expert testimony on the structure, history, and nature of MS-13 is sufficiently reliable. Contrary to what the defendant argues in his motion, the absence of certain scientific criteria of reliability such as peer review, publication, or potential error rate has no bearing on the reliability of this non-scientific expert testimony. See Kumho Tire, 526 U.S. at 150 ("Engineering testimony rests upon scientific foundations, the reliability of which will be at issue in some cases . . . . In other cases, the relevant reliability concerns may focus upon personal knowledge or experience."); Hankey, 203 F.3d at 1169 (holding that peer review, publication, and potential error rate are irrelevant to the reliability of non-scientific expert testimony about gangs). For these reasons, the Court denies the defendant's motion to exclude Detective Flores's expert testimony on reliability grounds.

  B.  Testimonial Hearsay

Expert testimony given by a law enforcement officer is subject to both evidentiary and constitutional hearsay concerns. Rule 703 allows an expert to base an opinion or inference on

hearsay evidence so long as it is "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject . . . ." At the same time, however, the Sixth Amendment right to confrontation bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify and the defendant had had a prior opportunity for cross-examination." Crawford, 541 U.S. at 53-54.

In claiming that Detective Flores' proffered testimony violates both Crawford and Rule 703, the defendant relies principally on Mejia, in which the Second Circuit held inadmissible the testimony of an officer expert who "communicated out-of-court testimonial statements of cooperating witnesses and confidential informants directly to the jury in the guise of an expert opinion." 545 F.3d at 198 (quotations omitted). There, the expert had improperly relied upon hearsay obtained through his participation in the defendants' investigation to testify that a specific MS-13 "clique" had taxed unaffiliated drug dealers and committed several murders. Id. at 197. In United States v. Johnson, 587 F.3d 625 (4th Cir. 2009), the Fourth Circuit cited to Mejia with approval, but provided additional guidance to distinguish proper from improper officer expert testimony. An officer expert exposed to testimonial hearsay during the course of an investigation may nevertheless render an expert opinion, so long as that opinion is formed by an "independent assessment" of the subject-matter, based on "expertise, derived over many years and from multiple sources . . . ." Id. at 636. Just yesterday, the Fourth Circuit upheld the admission of Detective Flores's expert testimony in another case against an almost identical Crawford challenge. See United States v. Ayala, — F.3d —, No. 07-4577, slip. op. at 27-29 (4th Cir. April 8, 2010).

Thus, neither Rule 703 nor Crawford renders Detective Flores's proffered expert testimony per se inadmissible. Detective Flores possesses a general knowledge of the structure and history of MS-13 that would allow him to render certain expert opinions without relying on hearsay gleaned

4

from his involvement with the defendant's specific investigation. See Johnson, 587 F.3d at 636. Of course, to the extent that Detective Flores should also testify as a fact witness during the defendant's trial or, should it become necessary, sentencing hearing, the Court will assess the admissibility of his testimony as it would for any other fact witness, and offer an appropriate limiting instruction to the jury.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's "Motion to Exclude the Government's Gang Expert Testimony and for a Hearing to Determine the Admissibility of Such Testimony" (Doc. No. 962) is **DENIED WITHOUT PREJUDICE**. The Court finds that a separate voir dire hearing is unnecessary, but counsel for the defendant may conduct a brief voir dire with Detective Flores prior to his testimony and, if they wish, object to his qualification as an expert witness at that time.

Signed: April 9, 2010

Robert J. Conrad, Jr.
Chief United States District Judge